UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNIOR R.G., <br><br> Petitioner, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., <br><br> Respondents. | No. 1:25-cv-01948-TLN-SCR <br><br> (A# 218-147-837) <br><br><br> **ORDER** |

This matter is before the Court on Petitioner Junior R.G.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition").[2]  (ECF No. 1.)  Respondents filed an opposition to the Petition.  (ECF No. 5.)  For the reasons set forth below, the Petition is GRANTED and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

---

[1]     The Court omits Petitioner's full name to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2]     On April 15, 2026, the Court denied Petitioner's Motion for a Temporary Restraining Order and set a briefing schedule on the Petition.  (ECF No. 13.)  Neither party filed additional briefing by the deadlines set by the Court.  On June 11, 2026, however, Petitioner filed a Ex Parte Application for reconsideration of this Court's Order denying the TRO.  (ECF No. 14.)  Respondents filed an opposition.  (ECF Nos. 18, 19.)  Petitioner filed a reply.  (ECF No. 21.)  The Court considered the arguments raised in the parties' briefing on the motion for reconsideration in ruling on the Petition.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a noncitizen who entered the United States without inspection in 2005.  (ECF No. 1 at 6; ECF No. 5 at 1.)  On January 9, 2023, Petitioner was convicted of attempted second-degree robbery, for which Petitioner completed a 16-month sentence.  (ECF No. 1 at 6.)  In September 2023, U.S. Immigration and Customs Enforcement issued Petitioner a final administrative removal order based on his conviction and detained him.  (ECF No. 5 at 1–2.)

Thereafter, Petitioner applied for relief from removal, which was denied on March 26, 2024.  (*Id.*)  On appeal, the Board of Immigration Appeals ("BIA") affirmed the decision.  (*Id.*)  On August 5, 2024, Petitioner filed a petition for review with the Ninth Circuit, and the Ninth Circuit ordered a stay of Petitioner's removal until it issued a mandate or ordered otherwise.  (*Id.*)  On December 23, 2025, the Ninth Circuit issued a mandate, denying Petitioner's petition for review and lifting its stay of Petitioner's removal.  (*Id.*)

On November 6, 2025, Petitioner's conviction was vacated.  (*Id.*)  Thereafter, Petitioner filed a motion to reopen his immigration proceedings with the BIA, followed by a motion to expedite and request for stay of removal.  (ECF No. 14 at 7.)  The BIA denied the motion to reopen and stay request.  (*Id.*)  Petitioner then filed a petition for review with the Ninth Circuit.  (*Id.*)  The Ninth Circuit set a briefing schedule which extends through October 2026 and entered a stay of removal pending further order of the Court.  (*Id.*)

On December 19, 2025, Petitioner filed the instant Petition for Writ of Habeas Corpus.  (ECF No. 1.)  Petitioner challenges the lawfulness of his civil detention and seeks immediate release.  (*Id.* at 9–10.)

## II. STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.    ANALYSIS

Petitioner claims his continued detention violates the Fifth Amendment Due Process Clause because his removal is not reasonably foreseeable as required under *Zadvydas* given the following: Petitioner has filed petition for review with the Ninth Circuit; the Ninth Circuit issued a stay of Petitioner's removal; and the Ninth Circuit issued a briefing schedule that extends until at least through October 2026.  (ECF No. 1 at 8 (citing 533 U.S. 678); ECF No. 14 at 14–15.)  In opposition, Respondents contend Petitioner's Ninth Circuit petition for review is a collateral review of the BIA's denial of Petitioner's motion to reopen his immigration proceedings and, therefore, his detention authority remains governed by 18 U.S.C. § 1231(a)(6) ("§ 1231(a)(6)") under *Diouf v. Mukasey*.[3]  (ECF No. 18 at 3 (citing 542 F. 3d 1222 (9th Cir. 2008)).)

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status.  *Zadvydas*, 533 U.S. at 693.  These due process rights extend to immigration proceedings and detention.  *Id*. at 693–94.

In *Zadvydas*, the Supreme Court considered prolonged immigration detention after a final order of removal.  533 U.S. 678 (2001).  Although the Government has statutory authority to detain non-citizens for removal, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."  *Id.* at 699.

The Court finds there is no significant likelihood of Petitioner's removal in the reasonably

---

[3]    The parties engage in lengthy briefing on the effect, if any, of the vacatur of Petitioner's conviction on his removal order.  However, the claim before this Court is whether Petitioner's detention is constitutional — not whether his removal order is valid.  Thus, the Court does not consider the effect of the vacatur on Petitioner's removal order.

foreseeable future.  Respondents concede Petitioner filed a petition for review with the Ninth Circuit, who issued a temporary stay of removal, and the petition for review is currently pending. (ECF No. 18 at 2.)  While the stay remains in effect, Respondents cannot execute the removal order.  Therefore, Petitioner's detention is not a brief logistical hold for imminent removal, but rather, continuing civil confinement during the pendency of his judicial proceeding.

Respondents' argument that Petitioner's detention is not constitutionally unreasonable because detention under 18 U.S. C. § 1226(c) ("§ 1226(c)") has a "definite termination point" (ECF No. 18 at 20) is without merit as Respondents themselves argue Petitioner is detained under § 1231(a)(6) not § 1226(c).

Further, Petitioner's criminal history does not offer an independent basis for Petitioner's continued detention where removal is not reasonably foreseeable.  *Zadvydas*, 533 U.S. at 690–691 (citing *Kansas v. Hendricks*, 521 U.S. 346 (2017)) ("In cases in which preventive detention is of potentially indefinite duration, we have also demanded that the dangerousness rationale be accompanied by some other special circumstance . . .").  Respondents do not claim Petitioner is a "specially dangerous" individual or that there are special circumstances present that contribute to any such danger.  *See Zadvydas*, 533 U.S. at 690–691 (immigration proceedings "are civil, not criminal, and we assume that they are nonpunitive in purpose and effect.").

Given that Petitioner's continued detention is no longer reasonable and that a public safety rationale does not independently authorize his continued detention absent strong procedural protections, the Court finds Petitioner's detention is unlawful and Respondents must immediately release Petitioner.

### IV.    CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.    Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

2.    Petitioner's Motion for Reconsideration (ECF No. 14) is DENIED as moot.

3.    Respondents must IMMEDIATELY RELEASE Petitioner Junior R.G. (A# 218-147-837) from custody on an order of supervision.  At the time of release, Respondents must return all of Petitioner's documents and possessions.  **Respondents must file a notice certifying**

**compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

4.    Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner unless circumstances materially change or until they can execute Petitioner's order of removal.  Respondents must follow all procedures set forth in 8 C.F.R. §§ 241.4(l) and 241.13(i), and any other applicable statutory and regulatory procedures to revoke an order of supervision.

5.    The Clerk of Court shall serve a copy of this Order on **California City Detention Center.**

6.    The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: June 24, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE